JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSIO CARDENAS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-06742-FLA (PVCx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

### RULING

On June 14, 2024, Plaintiff Rosio Cardenas ("Plaintiff") initiated this action against Defendant Costco Wholesale Corporation ("Defendant") and DOES 1 through 10 in the Los Angeles County Superior Court. Dkt. 1, Ex. A ("Compl."). The Complaint asserts state-law claims for general negligence and premises liability based on a slip-and-fall incident at Defendant's store in Lakewood, California. *Id.* at 14.[1]

On August 9, 2024, Defendant removed the action to this court based on alleged diversity jurisdiction. Dkt. 1 ("NOR"). In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in

---

[1] The court uses the CM/ECF page numbers to cite the Complaint.

1

controversy exceeds $75,000.  NOR ¶¶ 9–10.  Defendant relies on Plaintiff's Statement of Damages served on July 12, 2024, seeking general damages "[i]n excess of" $1 million and special damages "[i]n excess of" $1 million.  *Id.* ¶ 9; Dkt. 13-1 ("Statement of Damages").

On August 20, 2024, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy.  Dkt. 12.  Defendant filed a response in the form of a declaration from her counsel, Deborah S. Tropp.  Dkt. 13 ("Tropp Decl.").  Plaintiff did not respond.

Having reviewed the Notice of Removal and the declaration of Deborah S. Tropp, and for the following reasons, the court finds Defendant fails to establish subject matter jurisdiction and accordingly REMANDS this action to the Los Angeles County Superior Court.

## DISCUSSION

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

Here, the amount of damages Plaintiff seeks cannot be determined from the Complaint, as it does not set forth a specific amount. Compl. at 12 ("The amount of damages is … according to proof."). Defense counsel, however, points to Plaintiff's Statement of Damages, wherein Plaintiff contends general damages are in excess of $1 million and special damages are in excess of $1 million. Tropp. Decl. ¶ 5; Statement of Damages. A statement of damages "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). "A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a bold optimistic prediction." *Romsa v. Ikea U.S. W., Inc.*, Case No. 2:14-cv-05552-MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (internal quotation marks omitted).

It is clear the $2 million in damages set forth in the Statement of Damages is simply a "bold optimistic prediction" and is not a reasonable estimate of Plaintiff's claims. *See id.* ("The leap from $4,597.77 in medical expenses incurred to [defendant's] assertion that [plaintiff's son] has suffered damages in excess of $75,000 because he cries a lot and wakes up several times a night is difficult to credit. [Defendant] cites no facts that indicate a damages award anywhere near $75,000 – let alone $1,000,000 – is likely."). Significantly, the Statement of Damages cites no facts to explain how Plaintiff determined the $2 million amount. Statement of Damages; *see also Romsa*, 2014 WL 4273265, at *2 (remanding action where Plaintiff's

statement of damages did not explain how he arrived at the damages estimated); *Schroeder v. Petsmart, Inc.*, Case No. 2:19-cv-01561-FMO (AGRx), 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019) (same); *Mata v. Home Depot U.S.A., Inc.*, Case No. 2:22-cv-01758-FMO (AFMx), 2022 WL 3586206, at *2 (C.D. Cal. Aug. 22, 2022) (same); *see also Owens v. Westwood Coll. Inc*., 2013 WL 4083624, at *4 (C.D. Cal. Aug. 12, 2013) (finding plaintiff's settlement demand letters could not be used to establish the amount in controversy requirement because they "demand[ed] an arbitrary settlement figure, with no showing of how [the] figure was calculated").

Next, defense counsel declares that "Plaintiff was billed a minimum of $67,776.43 for medical treatment she sought as a result of the alleged incident, prior to filing suit." Resp. ¶ 8. Counsel, however, does not cite any evidence in support of this contention.

Even if the court were to consider $67,776.43 of purported medical bills as being in controversy, this is still less than the jurisdictional minimum. Defense counsel argues the Complaint "clearly states that in addition to medical bills, Plaintiff will be seeking damages for loss of earnings, property damages, loss of use of property[,] and general damages." Tropp. Decl. ¶ 9. Counsel, again, provides no citation or support for this contention. *Id.* As best as the court can tell, counsel is referring to the page of the Complaint wherein Plaintiff checked every box to indicate she suffered every possible type of harm, *i.e.*, she purportedly suffered wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, loss of earning capacity, and "other damages," including prejudgment interest and interest on damages. Compl. at 12. Plaintiff provides no facts in support of these purported damages, and it is unclear how and to what extent Plaintiff suffered property damage or loss of use of property from a slip-and-fall incident. *See id.* Defendant also fails to provide any evidence establishing these damages are sufficient to exceed the jurisdictional threshold, either alone or in conjunction with Plaintiff's purported medical expenses. Tropp Decl. ¶ 9. Instead, in conclusory fashion, counsel

argues these "additional damages" added to the $67,776.43 in unsupported medical expenses "clearly" meet the $75,000 threshold. *Id.* However, like Plaintiff's Statement of Damages, these "additional damages" are not supported by any facts and, thus, are too speculative to be considered in controversy. *See Romsa*, 2014 WL 4273265, at *2; *Schroeder*, 2019 WL 1895573, at *2; *Mata*, 2022 WL 3586206, at *2. Defense counsel's conclusory statements are insufficient to change the calculus. Tropp Decl. ¶¶ 8–9; *see Gaus*, 980 F.2d at 566.

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. Therefore, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332.

## CONCLUSION

For the foregoing reasons, the court REMANDS the action to the Los Angeles County Superior Court, Case No. 24NWCV01840. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: September 4, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge